### CHICKASHA COTTON OIL CO. et al. v. TRUMAN et al.

No. 22901.    Opinion Filed May 10, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Bond, Hatcher & Bond, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission made on the 5th of September, 1931, which is as follows:

"Now, on this 5th day of September, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Chickasha, Okla., September 1, 1931, before

Chairman Thos. H. Doyle, on motion to reopen and award further compensation, at which hearing the claimant appeared in person and by Bond, Hatcher & Bond, and the respondents and insurance carrier appeared by A. J. Follens, and the Commission after reviewing the testimony taken at said hearings and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That on December 1, 1929, claimant was in the employment of the respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, said claimant sustained an accidental personal injury by having his back injured.

"2. That as a result of said aforementioned accidental injury, claimant was temporarily totally disabled for 28 weeks, computed beyond the five-day waiting period, beginning December 7, 1929, in the sum of $625.84, which compensation has been paid.

"3. That as a result of said accidental injury claimant's wage-earning capacity thereafter has decreased from $3 a day to $1 a day.

"4. That the claimant filed his motion to reopen said cause on a change of condition on January 3, 1931.

"5. That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ percentum of the difference between his average weekly wages, at the time of the accidental injury, and his wage-earning capacity thereafter, in the sum of $8 per week, payable during the continuance of such permanent partial disability not to exceed 300 weeks.

"The Commission is of the opinion: That on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $8 per week, for a period not to exceed 300 weeks from the 3rd day of January, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest. That there is now due the claimant $276 as compensation at the rate of $8 per week, computed from January 3, 1931, to September 1, 1931, or 34 weeks and three days.

"It is therefore ordered: That within 15 days from this date, the respondent or insurance carrier pay to the claimant the sum of $276, as compensation at the rate of $8 per week, computed from January 3, 1931, to September 1, 1931, being 34 weeks and three days, and to continue compensation thereafter at the rate of $8 per week, until a period of 300 weeks has been paid, or until otherwise ordered by the Commission, and to pay all medical expenses incurred by reason of said accidental injury.

"It is further ordered: That within 30 days from this date, the respondent or insurance carrier file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The award is attacked upon the ground that the $625.84 mentioned therein had been paid under an award of the Commission that was made on the 7th of November, 1930, and that there had been no change of condition since the former award. The record shows that, on the 3rd of January, 1931, there was a motion filed to reopen on account of change of condition, and that the injuries were worse than was assumed at the time the order was made, and that a permanent total disability had accrued, and that the claimant was unable to do any kind of manual labor. The application was verified on the 31st of December, and later it was amended on the 31st of March, 1931, and there was exhibited with it a sworn statement by Dr. L. E. Emanuel, made on the 11th of March, 1931, stating that a medical examination had been had of the claimant and he was suffering from an injury to his back, and that it was believed that it involved "the vertebra," and was progressively growing worse.

On the 20th of August, 1931, notice was given for the hearing, and the hearing was had on the 2nd of September, 1931. The claimant produced Dr. Roy Emanuel, whose qualifications were admitted. He testified as to an examination he had made of the claimant on the 25th of August, 1931, which was complete with X-rays, and also of some X-ray pictures of the spine and pelvis made by another doctor, and he detailed the manner of the examination, and also the complaints of the claimant at the time of the examination and his actions and the history of the case, and that the party's heart was slightly enlarged and irregular in beats, but as to the back he stated that there was a moderate muscle spasm, and the patient complained of pain during the examination of his back, flexion very limited, so much so that he was unable to bend far enough to tie his shoes, and an X-ray was made of the ilium and also of one of the lumbar vertebrae, and the exhibits of the X-ray pictures were shown. He claimed that there was pathology in the X-ray he took, and also in that that Dr. Heatly took, and he detailed the fracture in the ilium and also the trouble with the third lumbar vertebra and

marked proliferation of bone, and he stated that the claimant was not able to work, and he thought the condition would become worse and that there was nothing that could be done in the way of treatment, and he thought it would be permanent, and he stated the back injury he thought came from the accident.

The claimant also testified to a progressive condition and inability to work, and of pain, and there appeared to have been a curvature in the spine which the attorney for the carrier sought to attribute to habit. The claimant stated that he had no extra injury since the date of the settlement, and he described the pain and his inability to be free from pain, and also inability to work. He was questioned about trying to get his old job back, but he denied this, and some of the employees of the company were introduced to say that sometime during the fall he had asked something about getting his old job back.

The doctor was examined by the lawyers on both sides and by a member of the Commission, and also the claimant was questioned by the attorneys and by Chairman Doyle, resulting in the order that was made.

The complaint is that the adduced evidence did not justify the opening up of the case. However, the original award was made on the theory of its being subject to reopening, and we cannot say that the Commission was wrong in reopening, as they saw the witnesses, saw the claimant, examined the doctor, and saw the X-rays, and were in better position than we to judge of credibility, and we do not think we should disturb the finding. In the event there is a betterment in condition, under order of the Commission application could be made to them for a modification.

The award is accordingly affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.